UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YASSER ASHBURN,

                      Petitioner,

-against-

UNITED STATES OF AMERICA,

                      Respondent.

**MEMORANDUM & ORDER**
**11-CR-00303 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Yasser Ashburn ("Ashburn" or "Petitioner"), who is currently incarcerated at the United States Penitentiary in Victorville, California, filed a letter motion requesting an extension of time to file a petition pursuant to 28 U.S.C. § 2255. (Mot. (Dkt. 671).) In his letter, Ashburn asserts that his trial counsel provided ineffective assistance of counsel. (*Id.* at 1.)

As set forth below, the Court construes Ashburn's letter as a timely § 2255 petition, and as a matter of equity, gives the Petitioner six months to file an amended petition setting forth all grounds for relief from the conviction or sentence that he challenges.

## I. BACKGROUND

On January 14, 2015, Ashburn along with two co-defendants, Jamal Laurent and Trevelle Merritt, were charged in a 14-count Fifth Superseding Indictment (the "Indictment") with racketeering, racketeering conspiracy, and related crimes. (Indictment (Dkt. 271).) The Indictment alleged that, from 2008 through 2011, Ashburn and others, as members of an association-in-fact enterprise, the "Six Tre Outlaw Gangsta Disciples Folk Nation ("Six Tre Folks Nation"), conducted, or conspired to conduct, the affairs of that enterprise through a pattern of racketeering activity. (*Id.* ¶ 8.) Ashburn was charged with Counts One through

1

Four of the Indictment: racketeering,[1] in violation of 18 U.S.C. § 1962(c) (Count One); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); unlawful use and discharge of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three); and murder in-aid-of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Four).

On March 17, 2015, following a 17-day joint jury trial before this court, Ashburn was convicted of all four counts charged. (Jury Verdict (Dkt. 454).) After trial, Ashburn moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure to vacate the judgment against him and moved for a new trial. (*See* Mot. to Vacate (Dkt. 484).) The court denied his motion. *See United States v. Ashburn*, No. 11-CR-303 (NGG), 2015 WL 5098607, at *38 (E.D.N.Y. Aug. 31, 2015). On March 17, 2016, Ashburn was sentenced to concurrent life sentences on Counts One and Two, a consecutive life sentence on Count Four, and 120 months on Count Three, to run consecutively to Counts One, Two, and Four. (Judgment (Dkt. 582).)

Ashburn timely appealed his conviction to the Second Circuit. (Not. Appeal (Dkt. 584).) The Second Circuit affirmed Ashburn's conviction on April 26, 2022. *United States v. Laurent*, 33 F.4th 63, 97 (2d Cir. 2022).[2] Ashburn filed a petition for writ of certiorari in the United States Supreme Court on October 12, 2022, which the Supreme Court denied on November 21, 2022. *Ashburn v. United States*, 143 S. Ct. 462 (2022).

---

[1] The Indictment alleged that Ashburn engaged in racketeering acts, including a conspiracy to murder members of the Crips gang (Racketeering Act One) and the murder of Courtney Robinson (Racketeering Act Two). (Indictment ¶¶ 9-10.)

[2] The Second Circuit vacated in part and reversed in part the convictions of Trevelle Merritt and Jamal Laurent, but otherwise affirmed, in all other respects, Ashburn's judgment as well the judgments of his co-defendants. *Laurent*, 33 F.4th at 97.

2

In a letter dated October 19, 2023, Petitioner moved for an extension of time to file a petition under 28 U.S.C. § 2255 for relief from his judgment of conviction. (*See generally* Mot.)

## II. LEGAL STANDARDS

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who was sentenced in federal court "may move the court which imposed the sentence to vacate, set aside, or correct" a conviction or sentence that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In § 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Mayard v. United States*, No. 16-CR-0609 (LAP), 2022 WL 992835, at *1 (S.D.N.Y. Apr. 1, 2022).

Federal Rule of Civil Procedure 15 governs amendment of a habeas petition. *See* 28 U.S.C. § 2242 (stating that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *see also Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

## III. DISCUSSION

### A. Ashburn's 28 U.S.C. § 2255 Petition

As a threshold matter, Ashburn's letter is not styled as a § 2255 petition. Rather, he has asked the court for "an extension on filing [his] 2255." (Mot. at 1.) Generally, district courts are without jurisdiction to consider the timeliness of a motion until said motion is actually filed. This is because prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). However, "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." *Green*, 260 F.3d at 83.

Here, in addition to his request for additional time, Ashburn has also included allegations that his counsel was ineffective during the course of his trial and states facts in support of this claim. (Mot. at 1-2.) Specifically, Ashburn alleges his counsel was ineffective in refusing to put Ashburn on the stand due to a conversation his trial lawyer had with Ashburn's then-death penalty lawyer. (*Id.*) Under a liberal reading of Ashburn's letter, this court finds that Ashburn raises a claim for which he will seek relief and the court may therefore construe his letter motion seeking additional time as a substantive motion under § 2255. *See Mayard*, 2022 WL 992835, at *2 (concluding that Petitioner's letter could be "construed as a substantive motion under § 2255 because he raises an ineffective assistance of counsel claim and states facts in support of this claim"); *see also United States v. Marin-Torres*, 430 F. Supp. 3d 736, 740-41 (D. Or. 2020) ("The Court finds that, at a minimum, Defendant's motion alleges sufficient facts to state a claim that his Sixth Amendment rights were violated when the Court excluded him from trial proceedings,

4

and he has alleged sufficient facts to treat the motion for extension of time as a substantive 2255 motion.").

### B. Timeliness of § 2255 Petition

Ashburn filed a petition for writ of certiorari, which the United States Supreme Court denied on November 21, 2022. Petitioner's conviction therefore became final on that date. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Pursuant to AEDPA's statute of limitations, Ashburn has one year from November 21, 2022 to file a motion to vacate, set aside, or correct sentence, pursuant to § 2255.

As the statute of limitations has not yet run, and the court construes Ashburn's letter as a § 2255 petition, it is therefore deemed timely.

### C. Leave to Amend § 2255 Petition

In order to rule on a § 2255 petition, the § 2255 petition must:

> (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Rules Governing § 2255 Proceedings for the United States District Courts, Rule 2(b).

It is unclear whether Ashburn's letter specifies all grounds for which he seeks relief. Ashburn writes that he intends to file a § 2255 petition and has been working to obtain his trial transcript and discovery in preparation for his petition. (Mot. at 2.) Ashburn notes that while in transit, he lost his discovery disc and

filed "numerous complaints" with the Federal Bureau of Prisons but to no avail. (*Id.* at 1.) Ashburn requested a copy of his discovery from his appellate lawyer who has yet to respond. (*Id.*) He also explained that in October 2022 he was sent to the special housing unit ("SHU") and when he returned, all of his legal and personal paperwork "was and still [is] missing." (*Id.*) Ashburn states in his letter that he has asked multiple people and authorities but cannot obtain his paperwork thereby inhibiting him from filing a fulsome § 2255 petition. (*Id.* 1-2.)

"Petitioner proceeds in this matter without the benefit of an attorney." *Nazer v. Warden*, No. 23-CV-3798 (LTS), 2023 WL 4082604, at *2 (S.D.N.Y. June 20, 2023). District courts generally grant a *pro se* defendant an opportunity to amend unless amendment would be futile. *Id.* In the present case, the court finds leave to amend is proper particularly where the court cannot conclude that a subsequent motion would be futile when it has yet to review all of the Petitioner's intended arguments. *Id.*

Given Ashburn's time to move under § 2255 has not yet expired, he has sought to protect his right to file a § 2255 petition, and has done so diligently, justice so requires this court to grant Ashburn six months leave to amend his § 2255 petition. Should Ashburn decide to file an amended petition, he must identify all grounds for relief and state all facts relevant to support each ground.

IV. CONCLUSION

Ashburn's motion for an extension of time to file a petition under 28 U.S.C. § 2255 is construed as a first § 2255 petition. Because the court finds that the one-year statute of limitations for Ashburn to file his § 2255 petition began on November 21, 2022, Ashburn's instant request, construed as a § 2255 petition, is timely. For the reasons aforementioned, the court GRANTS Ashburn **six months** from the date of this Order to file an amended petition under 28 U.S.C. § 2255 containing the information specified above. The Clerk of Court is respectfully DIRECTED to provide Ashburn with a copy of this Order at his last known address of record.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2023

Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge